DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Co-Counsel for I. Miles Pollack, P.C.*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

LAW OFFICES OF ADRIENNE J.
ORBACH, PLLC
*Co-Counsel for I. Miles Pollack, P.C.*
399 Knollwood Road, Suite 301
White Plains, New York 10603
(914) 949-1386
Adrienne J. Orbach, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

EDWARD P. DAVIDSON,

Debtor.

Chapter 7
Case No. 16-76011 (ast)

-----------------------------------------------------X

I. MILES POLLACK, P.C.,

Plaintiffs,

- against-

EDWARD P. DAVIDSON,

Defendant.

Adv. Pro. No. 17-_____ (ast)

-----------------------------------------------------X

**COMPLAINT FOR A DETERMINATION THAT A DEBT ARISING FROM A DIVORCE PROCEEDING IS NOT <u>DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)</u>**

Plaintiff, I Miles Pollack, P.C., by and through its undersigned co-counsel, as and for its Complaint against defendant Edward P. Davidson, alleges as follows:

## PRELIMINARY STATEMENT

1. By this action, Plaintiff seeks a judgment determining that defendant's debt to plaintiff arising from a non-debtor former spouse's matrimonial attorney's fee award in a prepetition divorce action.

## JURISDICTION AND VENUE

2. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 105 and 523(a) and Federal Rules of Bankruptcy Procedure 4007 and 7001.

3. Jurisdiction to is vested in this Court pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding as designated by 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. I. Miles Pollack, P.C. ("Plaintiff") is a professional corporation organized and existing under the laws of the State of New York with its principal place of business located at 399 Knollwood Road, Suite 107, White Plains, New York 10603.

6. Upon information and belief, Edward P. Davidson ("Defendant") is the debtor in this chapter 7 case and is a domiciliary of the State of New York residing at 187 Carroll Street, Port Jefferson, NY 11776.

## STATEMENT OF FACTS

7. Defendant and Betty Crea Davidson ("Crea-Davidson") were married on April 25, 1997. The parties have three children of the marriage.

8. In 2014, Crea-Davidson commenced a divorce action against Defendant captioned, *Betty Crea Davidson v. Edward Davidson*, Supreme Court of the State of New York, Westchester County, Index No. 61488/2014 (the "Divorce Action").

9. Plaintiff was Crea-Davidson's legal counsel in the Divorce Action.

10. Grounds for the divorce were resolved by Stipulation, leaving economic issues for trial including child support, maintenance, equitable distribution, counsel fees and allocation of various debts. And decision making for the parties three children.

11. The Divorce Action proceeded to trial on August 18, 2015, August 19th, September 11, 2015 and September 15, 2015 (collectively, the "Trial").

12. On October 19, 2015, the Honorable Paul I. Marx, J.S.C. issued a decision in the Divorce Action (the "Decision After Trial"). Justice Marx issued the Divorce Judgment dated November 20, 2015, which was entered on November 30, 2015 by the Clerk of the Court Westchester County. The Divorce Judgment, *inter alia*, directs Debtor to pay pendente lite arrears, loan payments, school expenses for the children, tax arrears and penalties Debtor incurred and to make payments on the Crea loan, and to provide for their children's' medical expenses, private school tuition and to pay child support and maintenance to Crea-Davidson, and to pay Crea-Davidson's matrimonial attorney's fees to Crea-Davidson or her attorneys.

13. Pursuant to New York Domestic Relations Law § 237, the Supreme Court of the State of New York has the authority in its discretion to award attorneys' fees and disbursements. At conclusion of the Trial, the parties had consented to the Court deciding the issue of counsel fees upon submission of papers, and without a further hearing.

14. Plaintiff's application for attorney fees was unopposed by Debt or his counsel.

15. On November 12, 2015, Judge Marx issued a decision and order on the application for counsel fees to the spouse (the "Attorney Fee Decision"). A true and correct copy of the Attorney Fee Decision, with names and dates of birth of the children redacted, is annexed hereto as **Exhibit A**.

16. The Attorney Fee Decision states, in part, at page 2, that,

> Previously [Defendant] was employed at a school for disabled children as a financial controller, a position he was terminated from as a result of his embezzling from the school.

> [Crea-Davidson] argues that [Defendant] is the monied spouse and should be responsible for her legal fees.
>
> [Crea-Davidson] alleges that throughout the litigation of this case [Defendant] engaged in obstructionist behavior and failed to meaningfully participate in discovery or settlement negotiations, causing her to incur additional unnecessary legal fees. [Crea-Davidson] accurately provided a number of examples of such behavior, some of which are detailed below.

The examples of Defendant's obstructionist behavior are discussed at length in the Attorney Fee Decision under the following categories:

> [*Defendant] Did not Answer the Complaint, Failed to File a Retainer Statement as Required and Delayed Discovery*
>
> *[Defendant] Refused to Engage in Discovery*
>
> *[Defendant] Violated the Automatic Orders*
>
> *[Defendant] Refused to Engage in Settlement Negotiations, Failed to Stipulate to Facts and Delayed the Resolution of the matter Although He Mounted No Real Defense at Trial*

17. The Attorney Fee Decision determined, in part, at page 7 that Defendant was liable to both Crea-Davidson and Plaintiff for legal fees in the amount of $60,544.66 and disbursements in the amount of $1,046.66. The Attorney Fee Decision determined such fees and expenses were necessary and provided in a professional and competent manner, the hourly rates charged by counsel were reasonable and commensurate with the relevant experience, knowledge and ability, and the fees were reasonable and consistent with that charged by matrimonial attorneys in the community. Justice Marx concluded Crea-Davidson was not the monied spouse

18. The Attorney Fee Decision directed Plaintiff to submit a proposed judgment.

19. Thereafter, a judgment for attorneys' fees and costs was incorporated into the judgment of divorce (the "Judgment of Divorce") signed by Judge Marx on November 20, 2015 was entered into the clerk of the court Westchester County November 30, 2015. A true and correct copy of the Judgment of Divorce, with names and dates of birth of the children redacted, is annexed hereto as **Exhibit B**.

20. The Judgment of Divorce states, in part, at page 7 that:

> ORDERED AND ADJUDGED, that the aware of counsel fees is as follows.
>
> [Crea-Davidson's] counsel shall have judgment against [Defendant] in the amount of any fees not yet paid by [Crea-Davidson]. In the event [Crea-Davidson] has already paid some or all of the fees awarded ($60,544.66 in fees and $1,046.66 in disbursements), then she shall have judgment against Defendant for the amount paid through November 12, 2015 and her counsel shall have a judgment against Defendant for the balance; and it is further

21. Based upon Judge Marx's direction in the Judgment of Divorce, on December 2, 2015 a judgment was entered and docketed by the Clerk of the Court in favor of Plaintiff and against Defendant in the amount of $31,412.00 (the "Attorney Fee Judgment"). A true and correct copy of the Attorney Fee Judgment is annexed as **Exhibit C.**

22. Pursuant to New York Civil Practice Law and Rules § 5003, money judgments bear interest from the date of docketing, with a current legal interest rate of 9%.

23. Defendant/Debtor did not take an appeal from the Judgment of Divorce and did not oppose or take an appeal from the counsel fee award which was incorporated into the Divorce Action. His time to do so has expired.

24. A debt for attorneys' fees incurred in connection with a dissolution of marriage action payable by the debtor directly to the debtor's former spouse's counsel is not a dischargeable debt. See, *In re Rogowski*, 462 B.R. 435, (Bankr. E.D.N.Y. 2011); *In re Tarone*, 434 B.R. 41 (Bankr. E.D.N.Y. 2010).

25. It is of no import that the debt is owed directly to Plaintiff rather than Defendant's former spouse. *In re Spong*, 661 F.2d 6 (2d Cir. 1981).

26. On Defendant's Schedule F, Defendant listed Plaintiff as an undisputed general unsecured creditor based upon "Attorney Fees" in the amount of $31,412.00.

27. On Defendant's Schedule E, Defendant did not list Plaintiff as being a creditor based upon a "domestic support obligation".

28. Co-counsel for Plaintiff, Dawn Kirby, Esq., contacted counsel for the Debtor, John C. Castro, Esq., prior to filing this Complaint. Ms. Kirby attempted to resolve the controversy, suggesting a stipulation acknowledging the Attorney Fee Judgment is in the nature of alimony, support or maintenance and thus nondischargeable. Mr. Castro declined to so stipulate.

**COUNT I - § 523(a)(5)**

**THE DEBT IS A DOMESTIC SUPPORT OBLIGATION**

29. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

30. New York Domestic Relations Law § 237 required the judge in the Divorce Action to determine that Betty required financial support before the judge could grant an award of matrimonial attorneys' fees.

31. The Defendant's obligations to Plaintiff relate to the determination after trial on the economic issues of alimony, maintenance and support of Defendant's former spouse and the support, medical expenses for the Defendant's s three unemanicpated children of the marriage.

32. The Defendant's obligations to Plaintiff were established before the commencement of this bankruptcy case pursuant to the Attorney Fee Decision, Judgment of Divorce entered November 30 2015 and Attorney Fee Judgment docketed on December 2, 2015.

33. The Defendant's obligations to Plaintiff has not been assigned to a nongovernmental entity for the purpose of collecting the debt.

34. Defendant's obligations to Plaintiff is a Domestic Support Obligation as defined by 11 U.S.C. § 101(14A).

35. As a result of the foregoing, Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(5).

**COUNT II - § 523(a)(15)**

**THE DEBT IS IN CONNECTION WITH A DIVORCE PROCEEDING**

36. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth at length herein.

37. Defendant's obligations to Plaintiff arose a result of the Attorney Fee Decision, Judgment of Divorce, and Attorney Fee Judgment entered in connection with the prepetition Divorce Action.

38. As a result of the foregoing, Defendant's obligations to Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(15).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff I. Miles Pollack, P.C. respectfully requests this Court enter judgment in its favor and against Edward Davidson determining that the Defendant's obligations pursuant to the Attorney Fee Decision, Judgment of Divorce, and Attorney Fee Judgment in the amount of $31,412.00 plus post-judgment interest at the rate of 9% from December 2, 2015 is not dischargeable because it is (a) for a domestic support obligation; and/or (b) incurred in the course of a divorce.

Dated: White Plains, New York
March 30, 2017

DELBELLO, DONNELLAN, WEINGARTEN,
WISE & WIEDERKEHR, LLP
*Co-Counsel for I. Miles Pollack, P.C.*
One North Lexington Avenue
White Plains New York 10601
(914) 681-0200

By: *\/s/ Dawn Kirby*
Dawn Kirby, Esq.

-and-

Dated: White Plains, New York
March 30, 2017

LAW OFFICES OF ADRIENNE J. ORBACH, PLLC
*Co-Counsel for I. Miles Pollack, P.C.*
399 Knollwood Road, Suite 301
White Plains, New York 10603
(914) 949-1386

By: *__/s/ Adrienne J. Orbach__*
Adrienne J. Orbach, Esq.